CITY OF COLUMBUS, APPELLANT, *v.* SAMUELS, APPELLEE.

(No. 6283—Decided March 15, 1960.)

*Mr. Russell Leach,* city attorney, *Mr. Bernard T. Chupka* and *Mr. E. Edgar Barkeloo,* for appellant.
*Mr. Walter W. Grelle, Jr.,* for appellee.

McLAUGHLIN, J. This case originated in the Columbus Municipal Court. Mr. Samuels was charged, tried, found guilty and sentenced for operating a motor vehicle while under the influence of alcohol. He then appealed to the Court of Common Pleas, where his conviction was reversed. The city of Columbus appeals to this court on questions of law. No assignment of error was made. We have gleaned from the brief that it is sought to have the reversal set aside and the conviction affirmed.

The only evidence of record is the testimony of Police Officer Gallagan, in substance as follows: He arrived at the scene

of an accident at 6:25 p. m.; he observed a Buick car parked at the curb; he obtained the license number ''on that Packard that was involved''; he found a piece of hub-cap chrome and some blue paint rubbed onto the Buick; while in the process of investigating the accident he received a radio call from police headquarters to go to the home of Mr. Samuels, and, upon arrival there, he found Mr. Samuels outside; he checked the license number, the chrome strip and the spot of paint on a Packard ''parked in the rear yard,'' which items of evidence checked with those obtained earlier at the scene; Mr. Samuels admitted driving the car on St. Clair, and submitted a urinalysis of .36.

Over objection, the police officer was allowed to give his expert opinion:

''Q. Now, Officer, based upon your experience and your observation of the defendant during the time you were with him that day do you have any opinion whether or not he was under the influence of alcohol?

''Objection.

''Overruled.

''A. I have.

''Q. What is that opinion? A. In my opinion he was under the influence of alcohol.''

The officer testified further that the scene of the accident was in Columbus, Ohio. Then the city rested its case.

Counsel for Mr. Samuels then moved for dismissal. The trial court overruled the motion. Mr. Samuels neither took the stand nor offered any evidence. Motion to dismiss was again overruled. Whereupon he was found guilty and sentenced.

Upon appeal to the Court of Common Pleas, the conviction was reversed. It is apparent that the evidence was there weighed and found wanting. A criminal conviction cannot be reversed unless it is clearly and manifestly against the weight of the evidence, as a matter of law.

The judgment of reversal now becomes the subject of review by this court. Regardless of any reason given by the Court of Common Pleas, we are here bound to search the record, and if the judgment of reversal is right for any reason it is our duty to affirm it.

Our search of the record discloses some glaring insufficiencies. The only witness was the arresting police officer. He did not see Mr. Samuels operate his car. He did not see him at the scene. He says that Mr. Samuels admitted that "he was driving his car on St. Clair." No definite time was fixed. This statement could be regarded as either an admission against interest or an extra-judicial confession, and it is still insufficient as a matter of law to prove beyond a reasonable doubt that Mr. Samuels was operating his car at the time and place charged.

A urinalysis was taken, at least an hour and a half after the arrest. The officer was permitted to testify that the specimen tested .36. There was no evidence before the trial court as to what .36 means. Over objection, the officer was permitted to give his opinion that "he was under the influence of alcohol." Again no time was fixed. The objection should have been sustained. But the urinalysis and the officer's opinion, or either, are insufficient as a matter of law, to prove that Mr. Samuels was operating his car while under the influence of alcohol at the time and place charged. We here adopt the words of Bartlett, J., in *City of Columbus* v. *Glover*, 73 Ohio Law Abs., 430, at page 431:

"It is a serious offense to drive a motor vehicle while under the influence of alcohol, in fact such conduct is dangerous.

"Yet we must not forget that we are not living in a Police State, but under a constitutional form of government, including a Bill of Rights, sacred to all of us. It is very dangerous to ignore those rights."

The judgment of reversal is affirmed.

*Judgment affirmed.*

BRYANT, P. J., and DUFFY, J., concur.

McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.