THE STATE OF OHIO, APPELLEE, *v.* EZOTO, APPELLANT.

(No. 669—Decided December 27, 1961.)

*Mr. Fred V. Skok,* prosecuting attorney, and *Mr. Barry M. Byron,* for appellee.

*Mr. T. R. Zettlemeyer,* for appellant.

BROWN, P. J. This is an appeal from a sentence imposed by the Painesville Municipal Court, after a jury found the defendant, appellant herein, guilty of the charge of operating a vehicle while under the influence of intoxicating liquor, in violation of Section 4511.19, Revised Code.

It should be noted that this section of the Code defines two offenses. *State* v. *Wilgus,* 31 Ohio Opinions, 443. Defendant was charged only with operating.

Defendant claims that the verdict was against the manifest weight of the evidence; that the charge to the jury was erroneous and prejudicial; and that the judgment of the court below is contrary to law in other respects.

Specifically, the defendant claims that the two state highway patrolmen in their testimony differed in recollecting the test reading on the alcometer machine. We find no such difference. The testimony appears to us to be substantially in agreement and to the effect that defendant when examined was under the influence of intoxicating liquor. However, if there were no such substantial agreement, this would go to the weight of the testimony only and would not raise a reasonable doubt as a matter of law.

The defendant argues also that there is no evidence upon which the jury was justified in finding that he was driving the car while drunk. He takes the position that when arrested he was asleep in the car parked at the road's edge, and that no one saw him driving the car prior to his arrest. Defendant argues that the evidence bearing on whether he was under the influence of intoxicants when he was arrested, interrogated, observed, examined and tested was insufficient and was not properly introduced.

We have examined the record in this regard and conclude that the testimony of the arresting officers as to the appearance and actions of the defendant at the time of the arrest was some evidence upon which a jury could rightly rely in concluding that the defendant was under the influence of intoxicants at the time of his arrest. This testimony was properly submitted and ad-

mitted. *State* v. *Neff*, 104 Ohio App., 289; *State* v. *Steele*, 95 Ohio App., 107.

The opinion of the officers that the defendant was under such influence was properly admitted after a foundation had been laid for the testimony and after the officers had been properly qualified as able to form and express such opinion.

The evidence of the results of the chemical test (alcometer) given to the defendant at that time was properly introduced and has probative value. It was proved that the test was a recognized scientific inquiry into the problem under investigation; that it was given in the regular manner; that a test reading of 0.15 is recognized as a calibration reading usually identified with the degree of drunkenness in which there is definite inability to control a motor vehicle; and that the defendant's test showed 0.17.

We conclude that the evidence that the defendant was under the influence was sufficient in quantum and properly introduced.

The additional questions of whether the defendant was actually operating the car and whether he was operating the car while under the influence of intoxicants must be answered by the evidence. Defendant admitted that he drove the car.

We are aware that the corpus delicti cannot be proved by extrajudicial confessions alone. *City of Columbus* v. *Glover*, 73 Ohio Law Abs., 430; 15 Ohio Jurisprudence (2d), 622, Section 455. However, the defendant took the stand and admitted that he was driving the car; that he drove it to the position where he was found seated behind the wheel in a recognizably drunken condition; and that the driving had occurred after 9:00 p. m. The arrest took place between 9:30 and 10:00 p. m.

This eliminated the serious question of chronology present in *City of Columbus* v. *Samuels*, 112 Ohio App., 28, upon which case defendant relies. In that case, there was no relationship between the time of the driving and the time when evidence showed the influence of intoxicants. Clearly, there must be a chronology which justifies the jury in finding beyond a reasonable doubt that the drunkenness existing at the time of the evidence on that subject existed at the time of the defendant's driving as charged. We are aware that the state of intoxication may have been greater when the defendant was discovered and examined than it was one hour before when he was driving.

4

But the evidence before this jury was sufficient to justify the verdict here.

We also find that the jury was properly charged, and that no other error assigned is well made. The judgment is affirmed.

*Judgment affirmed.*

DONAHUE and GRIFFITH, JJ., concur.