THE STATE OF OHIO, APPELLEE, *v.* SICKLES, APPELLANT.

(No. 2154—Decided December 28, 1970.)

*Mr. Thomas C. Hughes*, city prosecutor, for appellee.
*Miss Virginia Weiss*, for appellant.

HOLMES, J. This matter involves an appeal of a conviction of the defendant, appellant herein, in the Municipal Court of Newark, Ohio, for a violation of R. C. 4511.19, pertaining to the operation of a motor vehicle while under the influence of alcohol.

The defendant was arrested on April 17, 1969, while operating his motor vehicle on State Routes 37 and 161, and after being involved in an automobile accident.

The arresting officer, Cpl. Robert Warman of the Ohio State Highway Patrol, took the defendant to the patrol headquarters near Newark, Ohio, where the officer proceeded to administer various tests for a determination of the degree of inebriation of the defendant.

Cpl. Warman, after reading the necessary notification of refusal to submit to a chemical test by the appellant, and with the agreement of the latter, administered what is referred to as the Breathalyzer Test.

Cpl. Warman testified that the results of the Breathalyzer test was .18 alcohol content, and that an additional series of tests had been given to the appellant, including a balance test, straight line test, nose touching test, and coin pick up test.

Officer Warman testified that after conducting all of such tests upon the defendant that he concluded that he was under the influence of alcohol.

The jury returned a verdict of guilty, upon which verdict the court entered a judgment, and the defendant now appeals such verdict and judgment stating that such verdict and judgment was erroneous and contrary to law for the following reason:

"1. Error prejudicial to the defendant was committed by the admission of the testimony of Corporal Warman and the results of the Breathalyzer test."

More particularly, the appellant claims that error had been committed when the results of such Breathalyzer Test were permitted in evidence without being properly qualified by the four basic requirements as set forth in *State* v. *Baker* (1960), 56 Wash. 2d 846, 355 P. 2d 806.

The Supreme Court of Washington held that it was

necessary to establish certain conditions precedent in order to qualify evidence relating to a Breathalyzer test results as being competent.

Basically, such court held that before the results of a Breathalyzer test are admissible in evidence, the state must produce prima facie evidence that:

1. The machine was properly checked, and was in proper working order at the time of conducting the test.

2. The chemicals employed were of the correct kind and compounded in the proper proportions.

3. The subject had nothing in his mouth at the time of the test, and had taken no food or drink within 15 minutes prior to taking the test.

4. The test was given by a qualified operator in the proper manner.

While it may well be desirable for all of such prerequisites to be applied as conditions prerequisite to the introduction of Breathalyzer test results as evidence, we are not constrained to mandate that all of such be required as a matter of law in Ohio.

R. C. 4511.19 sets forth certain specific requirements for the testing of the concentration of alcohol in the defendant's system at the time of the alleged violation.

First, such section states that the court may only admit evidence of a chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of such alleged violation.

Secondly, this section provides that when a person submits to a blood test under R. C. 4511.191, only a physician or a registered nurse shall withdraw blood for purposes of the test.

Thirdly, such section provides that such bodily substance shall be analyzed in accordance with methods approved by the Director of Health.

Fourthly, R. C. 4511.19 requires that the bodily substance shall be analyzed by an individual possessing a valid permit issued by the Director of Health pursuant to R. C. 3701.143.

Prior to the amendments to R. C. 4511.19, effective

January 1, 1968, the Ohio Supreme Court had, in *Mentor* v. *Giordano*, 9 Ohio St. 2d 140, established the necessary requirements for the admissibility of the results of Breathalyzer tests.

In the sixth paragraph of the syllabus of the court it was held:

"6. Before the results of a Breathalyzer test given an accused are admissible in evidence against him, it is incumbent on the state to show that the instrument was in proper working order and that its manipulator had the qualifications to conduct the test."

In view of the specific wording of R. C. 4511.19, and the prior holding of the Ohio Supreme Court in *Mentor* v. *Giordano, supra,* we hold the following are prerequisites to the admission of evidence relating to the results of Breathalyzer tests in a trial of one accused of the offense of operating a motor vehicle while under the influence of intoxicating liquor:

1. Evidence that establishes that the bodily substance, the breath, was withdrawn within two hours of the time of the alleged violation;

2. Evidence that establishes that the Breathalyzer equipment was in proper working order;

3. Evidence that the operator of the Breathalyzer equipment had the qualifications to conduct the test; and

4. Evidence that such bodily substance, the breath, had been analyzed in accordance with methods approved by the Director of Health.

We shall now review the evidence as presented in the trial of this matter, and equate such evidence in light of the conditions made requisite by this decision.

Relative to the time requirement within which the test for alcohol content must be given, we note that the affidavit charging the violation sets forth that such alleged violation took place on April 17, 1969, at 7:45 p. m. The test as conducted herein, was begun at 9:13 p. m. and terminated at 9:15 p. m. on April 17, 1969.

It may be readily concluded, and we so hold, that the

test as given herein was well within the two hour period as required by R. C. 4511.19.

Officer Warman testified that the testing equipment was calibrated every seven days, and he described in detail how such calibration is conducted, including the fact that the test solution is prepared by the chemist in Columbus; that the machine must be warmed up to between 45 and 50 degrees centigrade, and further testimony was given relating to the calibration and balancing the machine.

There was testimony by Officer Warman that the log record of the Breathalyzer used in the instant test showed such machine to be calibrated properly on April 13, 1969, which was four days prior to the test as given the defendant.

In the absence of evidence to the contrary, we hold such testimony warrants the findings that the Breathalyzer machine was in proper working order.

Officer Warman testified further that he had taken special training in the operation of the Breathalyzer machine at the Ohio State Highway Patrol Academy, and that he had been licensed by the state of Ohio as a senior operator of a Breathalyzer for the analysis of alcohol. Such license, marked State's Exhibit No. 5, was introduced and admitted into evidence upon this trial.

Officer Warman also testified at considerable length, both on direct examination and cross-examination, as to the various elements of the operation of the equipment, and as to the analysis of the results of the testing with such equipment.

We hold this evidence to be sufficient in order to establish Officer Warman's qualifications to conduct and analyze such a test.

Further, Officer Warman testified that he had given the test to the defendant, and testified as to the manner in which he had followed the appropriate check list for the operation of the machine, and that the defendant had tested at .18. We hold that such testimony, including State's Exhibit No. 2, which is the completed Breathalyzer

operational check list for the prescribed method of operation of such testing equipment, constituted a sufficient showing of the use of authorized testing procedures in this instance, and accordingly, that the bodily substance had been analyzed in accordance with approved methods.

As previously noted, in addition to the evidence relating to the results of the Breathalyzer tests, there was other evidence relative to the physical coordination tests given this defendant as well as testimony concerning the odor of alcohol on the defendant's breath.

After a review of all of the evidence, this court finds that reasonable minds could, and did, conclude that the accused was guilty beyond a reasonable doubt.

The verdict and judgment of the trial court will accordingly be affirmed.

*Judgment affirmed.*

RUTHERFORD, P. J., and PUTMAN, J., concur.

HOLMES, J., of the Tenth Appellate District, sitting by assignment in the Fifth Appellate District.