THE STATE OF OHIO, APPELLEE, *v.* HALL, APPELLANT.

(No. 459—Decided January 30, 1973.)

Mr. *George F. Burkhart*, prosecuting attorney, for appellee.

Mr. *Allan Sherry*, for appellant.

DONOFRIO, J. This is an appeal from the Court of Common Pleas of Monroe County of a conviction of a charge of driving while intoxicated.

The defendant, Donald Duane Hall, was tried by a jury of violating R. C. 4511.19, and it is from this conviction that defendant appeals.

Defendant's only assignment of error is:

"The Court erred in admitting and not striking from the jury's consideration to the testimony concerning the results of the breathalyzer test."

The issue in this case is whether or not the court committed prejudicial error in admitting the results of the

breathalyzer test when the breathalyzer operator's testimony could not establish that he used the proper alcohol solution to determine the accuracy of the machine. The operator did not establish that the testing solution was used within the proper time period set forth by the regulations of the Ohio State Department of Health.

The pertinent part of R. C. 4511.19 is as follows:

"* * * *Such bodily substance shall be analyzed in accordance with methods approved by the director of health by an individual possessing* a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code. Such evidence gives rise to the following * * *." (Emphasis added.)

Since the statute refers to a bodily substance being analyzed in accordance with methods approved by the director of health, this court can take judicial notice of the rules and regulations promulgated by the Ohio Department of Health with reference to the giving of the breathalyzer test for the purpose of determining intoxication.

The Department of Health's regulations concerning the breathalyzer test are as follows:

"HD-1-04 Calibration.

"(A). Breath testing instruments, except the portable intoximeter and the sober-meters, must be calibrated no less frequently than after every ten (10) tests, or after any nine (9) days if fewer than ten (10) tests are performed in any nine (9) day period, by a senior operator *using appropriate solutions of ethyl alcohol,* and using methods and techniques for calibration recommended by the manufacturer of the calibration instrument *or the director of health.*

"* * * *.

"(C) Results of tests for calibration shall be kept in the permanent record book required by division (A) of regulation HD-1-01." (Emphasis added.)

The operator of the breathalyzer was asked on cross-examination:

"Q. Is there a requirement of the age of the liquid used before it can be a valid calibration?

"A. I think they try to change it every three months.

"Q. As a matter of fact isn't the requirement not more than every ninety days?

"A. Yes.

"Q. Do you know if, in fact there was a change of that liquid ninety days before this test was run?

"A. No, sir, I don't." (Partial Bill of Exceptions, Pages 7-8.)

From this testimony, we find that the operator could not testify as to whether or not he used the alcohol testing solution within the period recommended by the Ohio Department of Health. It should be noted that the Ohio Department of Health's regulation (C) requires a permanent record book to be kept as to the results of tests for calibration, and this information should be readily available at the time of trial. The fact that the breathalyzer was properly tested and accurate is a very important element to be established by the prosecution in order for the test result to be competent and admissible.

The specific prerequisites relative to the admission of evidence relating to the results of a breathalyzer test in the trial of one accused of the offense of operating a motor vehicle while under the influence of intoxicating liquor are established from the specific wording found in R. C. 4511.19 and *Mentor* v. *Giordano,* 9 Ohio St. 2d 140. This proposition of law is set forth at page 4 in *State* v. *Sickles,* 25 Ohio App. 2d 1, where the following prerequisites are outlined:

"1. Evidence that establishes that the bodily substance, the breath, was withdrawn within two hours of the time of the alleged violation;

"2. Evidence that establishes that the Breathalyzer equipment was in proper working order;

"3. Evidence that the operator of the Breathalyzer equipment had the qualifications to conduct the test; and

"4. Evidence that such bodily substance, the breath, had been analyzed in accordance with methods approved by the Director of Health."

It is items 2 and 4 of the prerequisites that defendant contends were not established in the proper manner in order

to make the breathalyzer test admissible. With this contention, this court agrees.

"Before the results of a Breathalyzer test given an accused are admissible in evidence against him, it is incumbent on the state to show that the instrument was in proper working order and that its manipulator had the qualifications to conduct the test." *Mentor* v. *Giordano*, 9 Ohio St. 2d 140, paragraph 6 of the syllabus.

The Department of Health requires the breathalyzer machine to be calibrated no less frequently than after every ten tests or after any nine days if fewer than ten tests are performed in any nine day period. So, the calibration of the breathalyzer to test whether or not it is in working order is a very crucial part of administering the test. Since it is incumbent upon the state to establish all of the prerequisites, it must be established that the proper calibration of the breathalyzer was performed by the expert prior to receiving his testimony into evidence.

Further, the Department of Health regulations state that the solution of ethyl alcohol used to calibrate the machine shall be valid for a period of three months from the first date of use. In order to insure that the solution is used only within this period of time, the Department of Health, upon furnishing the police department the test solution of ethyl alcohol to be used in the calibration of the breathalyzer, furnishes an affidavit to the police department that states that bottle contains "batch No." and "bottle No.," with the date the solution was made. This is to be used in conjunction with the calibration of a breathalyzer and will produce results of a specific blood alcohol concentration when used with the instrument. Further, the regulations provide that, since the calibration is to be done as a check of the accuracy of the instrument for a test they indicate in their affidavit of analysis, the test solution so provided shall be valid for a period of three months.

In *Mentor* v. *Giordano*, 9 Ohio St. 2d 140, the Ohio Supreme Court cited, as authorities for the proposition that prerequisites are required for the admission of breathalyzer tests into evidence, *State* v. *Baker*, 56 Wash. 2d 846, 355 P. 2d 806, and *Pruitt* v. *State*, 216 Tenn. 686, 393 S. W.

2d 747. In both of these cases, because of the trial court's error in admitting in evidence the results of a breathalyzer test, a judgment and sentence was reversed and the cause remanded for a new trial.

In *Pruitt* v. *State, supra* at 693, 393 S. W. 2d 751, the court stated:

"The State is required to show that the measuring device is scientifically acceptable and accurate for the purpose for which it is used * * *."

In *State* v. *Baker, supra* at 857, 355 P. 2d 812, the court stated:

"(3) We have no way of knowing whether the verdict of guilty stemmed from the jury's finding that, at the time of the accident, appellant was driving in a reckless manner, or that he was then under the influence of, or affected by, intoxicating liquor, or that both of these facts were proven beyond a reasonable doubt. Since the state failed to satisfy the third requirement for the admissibility of the breathalyzer test, the admission of such test was error. In view of the evidence in this case concerning the reliability of breathalyzer tests and the significance of a .185 reading, we are further of the opinion that the error was prejudicial. Appellant is therefore entitled to a new trial."

We find that defendant raised the issue as to whether the test solution was used within the three month period as set out by the regulations of the Ohio Public Health Department, and the prosecution's evidence did not establish that such test solution was used within the time prescribed by such regulations. Therefore, we hold that the trial court committed error in admitting the breathalyzer results. There was other evidence which supported the jury's verdict that defendant was driving while intoxicated. However, considering all the circumstances of this case, we feel that the error of admitting the breathalyzer test was prejudicial to defendant.

*Judgment reversed and cause remanded.*

O'NEILL, P. J., and LYNCH, J., concur.