THE STATE OF OHIO *v.* SENNE.

[Cite as State v. Senne (1978), 57 Ohio Misc. 1.]

(No. 78 TRC 10619—Decided July 7, 1978.)

Akron Municipal Court.

*Ms. Patricia Ambrose,* for plaintiff.
*Mr. Charles E. Grise,* for defendant.

GEORGE, J.  On March 31, 1978, the defendant was charged with a violation of R. C. 4511.19, driving while

under the influence of alcohol. A breathalyzer test was administered to the defendant, with the resultant reading being .21% blood alcohol.

Thereafter, the defendant entered a plea of not guilty and demanded a trial by jury. The matter was set for trial on June 22, 1978.

On June 7, 1978, the defendant moved the court to suppress the results of the breathalyzer test for the reason that the test did not conform to the rules and regulations of the Ohio Department of Health.

R. C. 4511.19 sets forth four basic requirements which must be met and established before evidence of the breathalyzer test results are deemed to be competent and therefore admissible. These are:

(1) evidence must be taken within two hours of time of violation;

(2) breathalyzer machine must have been in working order;

(3) the operator of the testing equipment must be qualified to administer the test; and

(4) the test must have been conducted and analyzed according to the standards set by the Director of the Department of Health.

It is only the fourth requirement that the defendant claims has not been met. This claim is based upon an interpretation of the meaning of the date of first use. The defendant contends that the date of first use as used in the Health Department regulations means the date the calibration solution is manufactured by the Ohio Department of Health.

Prior to trial and on June 22, 1978, an evidentiary hearing was had, whereby the state and the defendant entered into certain stipulations of fact, i. e.:

(1) that the date of manufacture of the calibration solution issued in the defendant's breathalyzer test was December 8, 1977;

(2) that on March 7, 1978, the Akron Police Department first used this particular calibration solution;

(3) that the breathalyzer test, using the calibration

solution specified in paragraphs 1 and 2 above, was administered to the defendant on March 31, 1978;

(4) that more than 90 days had elapsed between the date of manufacture (December 8, 1977) and the date the calibration solution was used to administer the defendant's test (March 31, 1978); and

(5) defendant's Exhibit A, the affidavit which accompanied this particular calibration solution.

Sgt. T. E. Brown, Akron Police Department's senior operator, testified that the Akron Police Department does not keep a record of the date of receipt of calibration solutions from the state.

Since the calibration solution was more than 90 days old from the date of manufacture, the defendant contends that the test given the defendant was unreliable. If the test is unreliable, the results therefrom must be suppressed. The defendant argues that the regulation, establishing a 90-day chemical reliability period for calibration solution, should be strictly construed so that it is calculated from the date of manufacture and not from the date the solution is first put into use.

To support this, the defendant refers the court to the accompanying affidavit, defendant's Exhibit A. This affidavit requires certain information including the batch number, bottle number, and date of manufacture. The defendant contends that the date of manufacture is provided in the affidavit in order to establish the beginning of the 90-day period of chemical reliability of the particular solution.

The defendant cites *State* v. *Hall* (1973), 39 Ohio App. 2d 87, and the unreported case of *State* v. *Frogge* (1977), Ninth Appellate District, C. A. 8244, as authorities in support of the motion to suppress.

Further, the defendant argues that should this court deny his motion, he will be denied due process of law since other branches of this court have held the date of manufacture as the date controlling the period from which the 90 days is to be calculated.

The state responds that the Health Department regu-

lation was revised on June 28, 1977, reading in pertinent part as follows:

"2. The batch and bottle number is to be part of the recorded information in the permanent log book. Please note the solution is good for three (3) months *from date of first use * * *."*

"5. When a bottle has been used for three (3) months, switch to the second bottle and use it for three (3) months * * *." (Emphasis added.)

The recent amendment added the words "from the date of first use." The state contends that that language was added for a reason—the reason being to specify and make clear the date to be used to commence the calculation of the three month period, *i. e.*, the date the calibration solution is first put into the machine for use. This, they say, is further evidenced by the additional instruction that once the solution has been in use for three months, another bottle is to be employed.

The court has reviewed the cases cited by the defendant and finds that they are not controlling as to the motion to suppress here under consideration.

The court holds that the affidavit is provided to certify the contents and properties of the particular calibration solution. The information as to batch number, bottle number and date of manufacture, is required in order to be able to identify a particular solution. The date of manufacture is not intended, nor provided, as the date from which the three-month period specified in the Health Department regulation should begin.

To interpret the date of first use as the date of manufacture is to construe common words in an unordinary and unusual manner. While statutes and regulations, affecting criminal prosecutions, must be strictly construed in favor of a defendant, they are not to be interpreted in a strained manner which is inconsistent with the general understanding of such common words.

The court holds that the words "from the date of first use" as used in the Health Department regulations means the date the bottle of calibration solution is first opened

and used for its intended purpose.  In this case that date was March 7, 1978.  In accordance with the three-month rule (which is defined to mean 90 days), this particular solution was chemically reliable until June 4, 1978.  The test in question, having been conducted on March 31, 1978, is clearly within the dates of chemical reliability as specified by the Department of Health.  Therefore this particular test complies with the requirements of R. C. 4511.19, and is admissible as competent proof of the defendant's blood alcohol content.

The court further holds that the defendant has not been denied due process of law since there was no affirmative showing that other branches of this court have interpreted the date of first use other than as interpreted here. But assuming, *arguendo*, that other branches of this court have so held, this court believes that such contrary holdings do not violate the defendant's right to due process.  The opinions  of other judges of our court should properly be accorded great weight; however, they are at best only persuasive and not controlling.  The language here is clear and a correct application of the law cannot be held as a violation of this defendant's right of due process.

*Motion to suppress denied.*