THE STATE OF OHIO *v.* HANLON.

(No. 81TR-C-3401—Decided February 11, 1982.)

Belmont County Court, Western Division.

*Mr. William L. Thomas,* prosecuting attorney, and *Mr. G. Frank Pierce,* for plaintiff.

*Messrs. Kinder, Kinder & Hanlon* and *Mr. Edward K. Cheffy,* for defendant.

WHITE, J.   This matter is before the court upon motion of defendant to suppress the results of a urinalysis, following his arrest for a violation of R. C. 4511.19.

It is stipulated that the urine specimen was withdrawn from the defendant two hours and forty-five minutes after the time of his alleged violation, and counsel are in agreement that the test results may not be admitted at trial for the purpose of establishing the presumptions set forth in R. C. 4511.19. The single issue before the court is whether or not the test results may be admitted for the purpose of establishing a foundation for an otherwise competent expert medical opinion as to the defendant being under the influence of alcohol at the time of the alleged violation.

Defendant contends that the two-hour limitation set forth in R. C. 4511.19 is a threshold standard of admissibility for presentation of direct evidence by the state of Ohio on the

issue of defendant being under the influence of alcohol in a prosecution under R. C. 4511.19. I agree.

Defendant has cited as authority *Cincinnati* v. *Sand* (1975), 43 Ohio St. 2d 79, in which the second paragraph of the syllabus reads:

"The results of a Breathalyzer test, administered pursuant to R. C. 4511.19, may only be admitted in evidence upon the affirmative establishment of facts supporting the following conditions:

"a. The bodily substance must be withdrawn within two hours of the time of such alleged violation. * * * "

However, in *Cincinnati* v. *Sand,* as well as the other cases cited by defendant containing language as to the exclusion of chemical test results based upon withdrawal beyond the two hour standard, *In re Brooks* (1971), 27 Ohio St. 2d 66, and *State* v. *Hall* (Monroe Cty. 1973), 39 Ohio App. 2d 87, the prosecution was attempting to introduce the test results for the purpose of establishing the presumptions set forth in R. C. 4511.19, and, in fact, the test was given within the two-hour period. Thus, the issue before this court was not directly before the respective reviewing courts in each of those cases.

Defendant further contends that construction of R. C. 4511.19 requires the relief demanded. The statute reads, in pertinent part:

"In any criminal prosecution for a violation of this section, * * * the court may admit evidence on the concentration of alcohol in the defendant's blood at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of such alleged violation. * * * Such bodily substance shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code. Such evidence gives rise to the following: * * * [presumptions set forth]."

Defendant contends that the syntactical separation of the two-hour limitation in the first sentence of this code section, and the language at the conclusion of the same giving rise to certain presumptions is indicative of an intent by the legislature to treat the two standards as separate entities— withdrawal of the bodily substance within two hours being a

requirement for admission for any purpose, and analysis in accordance with the methods approved by the Director of Health and by a valid permit holder as a requirement for the presumptions to arise. This contention is supported by the legislative history of the statute.

Prior to its amendment in 1968, R. C. 4511.19 read as follows:

"No person who is under the influence of alcohol, narcotic drugs, or opiates shall operate any vehicle, street car, or trackless trolley within this state."

In prosecutions under this statute, the state was required to present expert testimony as to the defendant being under the influence of alcohol and the results of a chemical analysis (usually of breath) by a device in working order and operated by qualified personnel, *Mentor* v. *Giordano* (1967), 9 Ohio St. 2d 140. The statute did not designate any time period within which the bodily substance was to be analyzed, nor did case law strictly define a time limit. However, the time period was not unimportant as stated by the Supreme Court in the *Mentor* case, at page 146:

"Chronology is an important element in 'drunken driving' cases. A relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating a vehicle."

With the 1968 amendments to R. C. 4511.19, the necessity of an expert witness was eliminated from the state's burden of proof by the creation of certain legislative presumptions contingent upon an analysis of a bodily substance in accordance with the regulations of the Department of Health. Additionally, a two-hour limitation on the collection of the bodily substance to be analyzed was introduced.

What became of the body of case law which had developed under the prior statute? Were the standards as to the judicially recognized element of chronology now to be disregarded completely, or were they assumed in their requirements of a now amended statute?

These questions were addressed by the Court of Appeals for Mercer County in *State* v. *Miracle* (1973), 33 Ohio App. 2d 289, 294:

"Therefore, we would conclude that the requirements of the statute are the necessary prerequisites for the use of the

test results *and* the presumptions, and that the older judicial conditions are absorbed in them." (Emphasis added.)

Therefore, in the instant case, the two-hour limitation must be construed as a statutory restatement, in finite terms, of the pre-1968 judicial standard expressed in *Mentor, supra,* as to a chronological threshold of relevancy for chemical test results to be admitted on the issue of the defendant being under the influence of alcohol at the time of the alleged violation, whether that element is sought to be proven by the state through independent expert medical testimony or through use of the statutorily created presumptions.

This opinion must distinguish the cases of *State* v. *Hernandez* (Wood Cty. 1978), 62 Ohio App. 2d 63; and *Barber* v. *Curry* (Franklin Cty. 1974), 40 Ohio App. 2d 346, both of which hold that test results of the chemical analysis of a bodily substance withdrawn more than two hours after the alleged driving violation of the defendant may be introduced for purposes other than creation of the statutory presumptions set forth in R. C. 4511.19 and are so distinguished on the basis that those cases dealt respectively with alleged violations of aggravated vehicular homicide (R. C. 2903.06) and the implied consent statute (R. C. 4511.191) and were not, a prosecution for a violation of R. C. 4511.19, which is a prerequisite for the application of the two-hour limitation by the very terms of that statute.

Accordingly, defendant's motion is granted and introduction of the subject test results by the state of Ohio at the trial in this matter for the purpose of proving that the defendant was at the time of the alleged violation under the influence of alcohol is prohibited.

*Motion to suppress granted.*