Defendant Peggy King has appealed her conviction by the Medina County Common Pleas Court for driving under the influence of alcohol, a violation of Section 4511.19(A)(1) of the Ohio Revised Code. She has argued: (1) that the trial court's verdict was not supported by sufficient evidence; (2) that the trial court violated her due process rights by shifting the burden of proof from the prosecution to her; and (3) that her conviction violated her due process rights because the court failed to find her guilty beyond a reasonable doubt. This Court affirms the conviction because it was supported by sufficient evidence.
 I.
On October 5, 1997, Sergeant LaRue of the Ohio State Highway Patrol was dispatched to the area of Interstate 71 in Westfield Township because several cars were pulled off to the side of the roadway causing traffic to stop. Upon arriving at the scene, Sergeant LaRue observed defendant seated in the front passenger seat of a white jeep that was stopped partially on the roadway and partially in the median. Several other vehicles were also stopped along the side of the roadway. Sergeant LaRue approached defendant and noticed that she had a strong odor of alcohol about her person, that her speech was slurred, and that she appeared disoriented. As defendant exited the vehicle, she was unsteady on her feet.
Sergeant LaRue did not administer field sobriety tests to defendant because of the stopped traffic. He did not find any keys in the vehicle or on defendant's person. Defendant admitted that she had been driving the jeep prior to stopping along the interstate. Based upon his observations, Sergeant LaRue arrested defendant for driving under the influence of alcohol and placed her in his cruiser. During an inventory search of the vehicle, Sergeant LaRue found several empty beer bottles in the passenger compartment of the jeep. Defendant was charged with driving under the influence of alcohol, a violation of Section 4511.19(A)(1) of the Ohio Revised Code, and driving under suspension, a violation of Section4507.02(B)(1) of the Ohio Revised Code.
Defendant pleaded not guilty at her arraignment, and the case proceeded to trial before the court. Defendant was found not guilty of driving under suspension and convicted of driving under the influence of alcohol. She timely appealed to this Court.
 II. A. First Assignment of Error The judgment of the trial court is not supported by sufficient evidence.
Defendant's first assignment of error is that her conviction was not supported by sufficient evidence. Specifically, she has argued: (1) that there was not sufficient evidence to support the finding that she was under the influence of alcohol; and (2) that there was not sufficient evidence to support the finding that she operated a vehicle while under the influence of alcohol. To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Defendant was convicted of driving under the influence of alcohol, a violation of Section 4511.19(A)(1) of the Ohio Revised Code. That section prohibits the operation of a motor vehicle while under the influence of alcohol and/or a drug of abuse. An essential element of the offense is "operation" of a motor vehicle. The Ohio Supreme Court has held that "operation" of a motor vehicle is a broader term than "driving." State v.Cleary (1986), 22 Ohio St.3d 198, at paragraph one of the syllabus. In Cleary, the court held that a person in the driver's seat of a vehicle with the key in the ignition was operating the vehicle for purposes of Section 4511.19(A)(1).Id. In State v. Gill (1994), 70 Ohio St.3d 150, the Court further held that, when the keys are in the ignition, a person is operating the vehicle regardless of whether the engine is running. Id. at syllabus.
The Ohio Supreme Court has also held that "[c]hronology is an important element in 'drunken driving' cases." Mentor v.Giordano (1967), 9 Ohio St.2d 140, 146. This Court recognized in Akron v. Brown (Jan. 30, 1980), Summit App. No. 9361, unreported, that "[a] relationship must be established between the time there was evidence to show the influence of intoxicants and the time of operating a vehicle." Id. at 7, citing State v. Ezoto (1961), 116 Ohio App. 1, 3. In order to sustain a conviction for operating a vehicle while under the influence of alcohol, therefore, there must be a chronology that justifies the trier of fact in determining beyond a reasonable doubt that the drunkenness existed at the time of the defendant's operation of the vehicle. Id., citing Ezoto,supra, at 3.
In the instant case, the State presented sufficient evidence that defendant was intoxicated at the time she operated the vehicle. When Sergeant LaRue arrived he observed defendant's vehicle parked partially on the interstate highway and partially in the median, and there was no evidence of mechanical failure. Defendant admitted driving the vehicle, she had slurred speech, smelled of alcohol, and was unsteady on her feet. Sergeant LaRue discovered numerous beer bottles in the vehicle, and noticed a wet spot on the pavement where it appeared that something had been poured. Although Sergeant LaRue did not observe defendant driving erratically, based upon her admission of driving the vehicle and Sergeant LaRue's observations of her behavior, this Court cannot conclude that the trial court clearly lost its way in finding defendant guilty.
As such, in viewing the evidence in a light most favorable to the prosecution, this Court concludes that a rational trier of fact could have found that the state established beyond a reasonable doubt that defendant operated the vehicle while intoxicated. Accordingly, her first assignment of error is overruled.
 Second Assignment of Error The trial court violated [defendant's] right to due process when it shifted the burden of proof from the prosecution to the defendant.
Defendant next avers that the trial court improperly shifted the burden of proof from the State onto her. This claim lacks merit.
It is axiomatic that the prosecution must prove every necessary element of a crime charged beyond a reasonable doubt.In re Winship (1970), 397 U.S. 358, 364, 25 L.Ed.2d 368, 375. Based upon our disposition of defendant's first assignment of error, the trial court properly found that she operated her vehicle while under the influence of alcohol. A requisite element of this offense is that the offender be under the influence while operating the vehicle. Whether defendant drank additionally after she stopped her vehicle is not relevant to whether she was intoxicated while she was operating the vehicle. As such, the trial court's statement that there was no credible evidence that defendant drank after she stopped did not place any burden upon her. It was the State's burden to prove defendant operated the vehicle while intoxicated. As discussed in her first assignment of error, this burden was properly applied and met by the State. Defendant's second assignment of error is overruled.
 Third Assignment of Error The trial court violated [defendant's] right to due process when it convicted her without finding that she was guilty beyond a reasonable doubt.
Finally, defendant contends that the trial court failed to find her guilty beyond a reasonable doubt. Based upon this Court's disposition of her first assignment of error, this claim lacks merit.
Defendant urges this Court to find that the trial court did not implement the requisite standard of proof in making its judgment. Specifically, defendant avers that the statement by the trial court that "there is reasonable cause to believe that [defendant] was operating the motor vehicle [while intoxicated[,]" is insufficient for a finding of beyond a reasonable doubt. Although the trial court may have misstated the standard of proof as "reasonable cause" rather than "beyond a reasonable doubt," the record reflects that the trial court properly considered all the evidence and its finding was based upon the appropriate legal standard. Accordingly, defendant's third assignment of error is overruled.
 III.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Wadsworth Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- LYNN C. SLABY FOR THE COURT
SLABY, P. J., CARR, J., CONCUR