PRYBER v MARRIOTT CORPORATION

Docket No. 48150. Submitted May 6, 1980, at Grand Rapids.—Decided June 3, 1980.

Barbara Pryber, a Michigan resident, was injured on July 3, 1976, at an Illinois amusement park owned by defendant Marriott Corporation. Barbara Pryber, along with her husband Albert Pryber, commenced a personal injury action on June 29, 1979. Defendant's timely-filed answer failed to raise the defense of a statute of limitations; however, defendant filed an amended answer raising the defense of a statute of limitations within 15 days of the filing of the original answer, wherein it asserted that the Michigan statute in effect on the date of the injury "borrowed" the two-year Illinois statute of limitations on personal injury actions and that plaintiffs' claim was therefore barred. Plaintiffs argued that the 1978 amendment to the Michigan "borrowing" statute which provides that an action accrued in favor of a Michigan resident is controlled by the Michigan statute of limitations was applicable to the present action and that the action was therefore timely brought within the applicable three-year Michigan statute of limitations. The Oakland Circuit Court, John N. O'Brien, J., held that the Legislature was constitutionally prohibited from reviving a cause of action which had been barred by the statute of limitations and granted defendant's motion for accelerated judgment. Plaintiffs appeal. *Held:*

1. Defendant's failure to raise the defense of statute of limitations in its original answer did not waive that defense, since defendant filed an amended answer incorporating that defense within 15 days of having filed its original answer. The amended answer was thus filed as a matter of right and relates back to and becomes part of the original pleading.

2. The Legislature evidenced a clear intent that the 1978 amendment to the statute of limitations borrowing statute was to be applicable to all actions commenced after the effective

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleading §§ 305 *et seq.,* 336.
[2] 73 Am Jur 2d, Statutes §§ 145, *et seq.,* 347 *et seq.*
[3] 51 Am Jur 2d, Limitation of Actions § 12.

date of the amendment. Statutes of limitations operate prospectively unless an intent to have the statute operate retrospectively is clearly and unequivocally indicated in the statute. The 1978 amendment evidences that necessary clear intent that it should be applied retrospectively. The conflict between the clear intent that the amendment's provisions should be applied to all actions thereafter commenced and the clear intent of the general provision that limitations on actions are governed by the law in effect on the date the action accrued is resolved in favor of the provision in the amendment, it having been the last enacted. It is presumed that the Legislature had knowledge of the general provision and intended the amendment to act as an exception to that general provision.

3. Since the right to interpose a statute of limitations to defeat a claim is not a vested right, the Legislature's action in lifting the bar of the statute of limitations so as to restore a remedy which had been lost through the lapse of time did not violate either the United States or Michigan constitutions.

4. Since the 1978 amendment evidences a clear legislative intent that it should apply to the present situation, and since such action by the Legislature was constitutionally permissible, the three-year Michigan statute of limitations, rather than the two-year Illinois statute of limitations, applied. The trial court accordingly erred in granting accelerated judgment in favor of defendant.

Reversed and remanded.

1. PLEADING — RESPONSIVE PLEADING — AFFIRMATIVE DEFENSES — WAIVER — AMENDMENT — COURT RULES.

The affirmative defense of statute of limitations is not waived by the failure to raise that defense in the first responsive pleading where the defense is raised in an amended pleading filed within 15 days, since such amended pleading is of right and relates back to and becomes part of the original pleading (GCR 1963, 111.3, 116.1, 118.1).

2. LIMITATION OF ACTIONS — STATUTES — RETROSPECTIVE APPLICATION — INTENT — LEGISLATURE'S KNOWLEDGE — PRESUMPTIONS — EXCEPTIONS.

The 1978 amendment to a statute of limitations evidences a clear intent by the Legislature to give retrospective rather than prospective application to the amendment's provisions; the conflict between the expressed intent for retrospective application of the amendment and the general statutory provision that actions will be governed by the limitation in effect at the time

the action accrued is resolved in favor of the language of the amendment, it being presumed that the Legislature had knowledge of the prior general provision and intended the specific provision of the later enactment to be an exception to the general provision (MCL 600.5861; MSA 27A.5861 as amended by 1978 PA 542, § 1, MCL 600.5869; MSA 27A.5869).

3. LIMITATION OF ACTIONS — CONSTITUTIONAL LAW — RESTORATION OF REMEDY — VESTED RIGHTS.

The Legislature may lift the bar of a statute of limitations and thereby restore a remedy which has been lost by the lapse of time without violating either the United States or Michigan constitutions, the right to defeat a claim by the interposing of a statute of limitations not being a vested right.

*Ray H. Boman,* for plaintiffs.

*Jack H. Erps* (by *Ellen C. Nowicki*), for defendant.

Before: R. B. BURNS, P.J., and J. H. GILLIS and D. C. RILEY, JJ.

J. H. GILLIS, J. This is a personal injury action. Plaintiffs allege that as a result of defendant's negligence plaintiff Barbara Pryber was injured while at defendant's amusement park in Gurnee, Illinois. The injury occurred on July 3, 1976. Plaintiffs' complaint was filed on June 29, 1979. Defendant moved for accelerated judgment, GCR 1963, 116.1(5), raising a statute of limitations defense. The motion was granted on August 29, 1979. Plaintiffs appeal as of right. GCR 1963, 806.1.

Plaintiffs first contend that the defendant waived the statute of limitations defense by failing to raise it in its first responsive pleading. The contention is without merit.

Defendant filed its answer on July 26, 1979. An amended answer was filed within 15 days. The statute of limitations defense was raised in the

amended pleading. The failure by a defendant to include an affirmative defense in his first responsive pleading generally waives that defense. GCR 1963, 116.1, 111.3. However, GCR 1963, 118.1 provides that a party may amend his pleading once as a matter of course within 15 days after it is served if the pleading is one to which no responsive pleading is required and the action has not been placed on the trial calendar. The amended pleading relates back to and becomes a part of the original pleading. GCR 1963, 118.4. Raising the statute of limitations defense in this manner supersedes the imposition of a waiver based on Rule 111. *Manufacturers Construction Co v Covenant Investment Co,* 43 Mich App 123, 125-126; 204 NW2d 54 (1972), 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 200.

Plaintiffs' next contention presents a more difficult problem. Plaintiff Barbara Pryber's injury occurred on July 3, 1976. Plaintiffs' cause of action accrued on that date. MCL 600.5827; MSA 27A.5827. On that date, MCL 600.5861(2); MSA 27A.5861(2) read:

"The period of limitations applicable to a claim accruing outside of this state shall be either that prescribed by the law of the place where the claim accrued or by the law of this state, whichever bars the claim."

The applicable Illinois statute, Ill Rev Stat, Ch 83, § 15, provides a two-year period in which an action for personal injuries can be brought. The applicable Michigan statute, MCL 600.5805(7); MSA 27A.5805(7), provides a three-year period in which an action for personal injuries can be brought. Thus, plaintiffs' cause of action was barred by application of the Illinois statute of limitations on July 3, 1978.

However, 1978 PA 542, § 1, effective December 22, 1978, amended § 5861(2) to read as follows:

"An action based upon a cause of action accruing without this state shall not be commenced after the expiration of the statute of limitations of either this state or the place without this state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of this state the statute of limitations of this state shall apply. *This amendatory act shall be effective as to all actions hereinafter commenced* and all actions heretofor commenced now pending in the trial or appellate courts." (Emphasis supplied.) MCL 600.5861; MSA 27A.5861 as amended.

The present action was filed on June 29, 1979. The lower court ruled that MCL 600.5861(2); MSA 27A.5861(2), prior to its amendment, controlled and effectively barred plaintiffs' cause of action. The lower court reasoned that the Legislature was without authority to revive a cause of action which had been barred by the statute of limitations. On this basis, accelerated judgment was granted.

Plaintiffs contend that the lower court erred, arguing that the Legislature has the authority to revive by statute a cause of action which has been barred.

A two-step analysis is required to resolve the issue. First, we must determine the legislative intent underlying the amendatory act. Second, we must determine whether the Federal or state constitutions prevent the Legislature from carrying out its intention.

At the outset, we note that MCL 600.5861; MSA 27A.5861 is a statute of limitations rather than a choice-of-law statute. The statute "borrows" the limitations rule of another state and makes it the law of the forum for the purposes of the particular

litigation. See Leflar, American Conflicts Law, § 128, p 307.

Statutes of limitations operate prospectively unless an intent to have the statute operate retrospectively clearly and unequivocally appears from the context of the statute itself. *In re Davis' Estate,* 330 Mich 647, 652; 48 NW2d 151 (1951), 20 Michigan Law & Practice, Statute of Limitations, § 3, p 546. The last sentence of § 5861, which reads: "This amendatory act shall be effective as to all actions hereinafter commenced and all actions heretofor commenced now pending in the trial or appellate courts", clearly indicates the legislative intent that the statute be applied retroactively. The effect of such application under the facts of the instant case is to revive the cause of action which had been barred by the running of the prior statute of limitations.

This, however, does not end our inquiry into the legislative intent. The reason for the continuation of that inquiry is the existence of MCL 600.5869; MSA 27A.5869,[1] which provides in relevant part:

"All actions * * * shall be governed and determined according to the law under which the right accrued, in respect to the limitations of such actions."

The statutes are in apparent conflict. Section 5869 indicates that the applicable statute of limitations is that in effect at the time plaintiffs' cause of action accrued, MCL 600.5861(2); MSA 27A.5861(2), prior to its amendment. See *Kennedy v Local 38, United Brewery, Flour, Cereal, Soft Drink & Distillery Workers of America,* 3 Mich App 700, 705-706; 143 NW2d 596 (1966). Section

---

[1] 1961 PA 236, § 5869, effective January 1, 1963.

5861 as amended indicates that it is the applicable statute of limitations.

Statutes *in pari materia* are those which relate to the same thing or which have a common purpose. *Palmer v State Land Office Board,* 304 Mich 628; 8 NW2d 664 (1943). The statutes here are *in pari materia.* Where two statutes are *in pari materia* and are in irreconcilable conflict, the one last enacted will control or be regarded as an exception to or qualification of the earlier statute. *Metropolitan Life Ins Co v Stoll,* 276 Mich 637, 640-641; 268 NW 763 (1936). Application of this rule requires the conclusion that the Legislature intended that § 5861 apply in the instant case. This conclusion is reinforced when one considers that the Legislature when amending a statute must be presumed to have knowledge of existing statutes. *Skidmore v Czapiga,* 82 Mich App 689, 691; 267 NW2d 150 (1978).

Having concluded that the Legislature, in enacting 1978 PA 542, § 1, intended to revive causes of action which had been barred by the application of MCL 600.5861(2); MSA 27A.5861(2), we must next determine whether the Legislature has the authority to effect this intention.

Federal constitutional law on this issue is clear. An act of state legislation which has the effect of lifting the bar of a statute of limitations so as to restore a remedy which has been lost through lapse of time is not per se violative of the Fourteenth Amendment to the United States Constitution. *Chase Securities Corp v Donaldson,* 325 US 304, 311; 65 S Ct 1137; 89 L Ed 1628 (1945), citing *Campbell v Holt,* 115 US 260; 6 S Ct 209; 29 L Ed 483 (1885). See also *International Union of Electrical, Radio & Machine Workers, AFL-CIO, Local 790 v Robins & Myers Inc,* 429 US 229; 97 S Ct

441; 50 L Ed 2d 427 (1976). Thus, the Federal constitution will not prevent the Legislature from effecting its intention in this regard.

The same conclusion obtains as a matter of state constitutional law. The right to defeat a claim by interposing a statute of limitations is not a vested right. The right to defeat a claim by the interposition of a statute of limitations is a right which may be removed by the Legislature. *Evans Products Co v State Board of Escheats,* 307 Mich 506, 541-545; 12 NW2d 448 (1943), *Rookledge v Garwood,* 340 Mich 444, 457; 65 NW2d 785 (1954), *Lahti v Fosterling,* 357 Mich 578, 589; 99 NW2d 490 (1959).

On the basis of the foregoing analysis, we hold that the lower court erred in determining that the Legislature was without authority to revive a cause of action which had been barred by the statute of limitations and in granting the defendant accelerated judgment. That judgment is reversed and the case remanded for trial.

Reversed and remanded.