STATE of Utah, Plaintiff and Respondent,

v.

Kenneth C. BARNEYCASTLE, Defendant and Appellant.

No. 19628.

Supreme Court of Utah.

April 4, 1985.

Gary L. Gale, Ogden, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ZIMMERMAN, Justice:

Defendant Kenneth Barneycastle appeals from his conviction of driving under the influence of alcohol in violation of U.C.A., 1953, § 41–6–44 (1981 ed.). He claims that the State's failure to properly file and read in open court an information charging him with the offense denied him due process. Defendant also asserts that the State's introduction of an affidavit to establish the reliability of the breathalyzer machine used to determine his blood alcohol level denied him his constitutional right to confront witnesses. We find no merit to his contentions and affirm.

Defendant was cited and arrested for driving under the influence of alcohol on December 4, 1982. A breathalyzer test administered by Trooper Schiffman revealed that defendant's blood alcohol level was .26.

On March 8, 1983, a bench trial was held in circuit court. Just prior to trial, in the presence of defendant's counsel and the court, an information was signed by the complaining officer and filed with the

court. The information alleged that defendant was "in control of a motor vehicle while under the influence of intoxicating liquor to a degree which rendered him incapable of safely driving a vehicle."

At trial, the State introduced an affidavit signed by Trooper Schiffman stating that a routine maintenance check conducted on November 17, 1982, had established that the breathalyzer was working properly. The court found the affidavit trustworthy, admitted it, and subsequently found defendant guilty of driving while intoxicated.

Defendant appealed to the district court, alleging error because of the failure to properly file and read the information. Defendant also objected to the admission of the affidavit concerning the accuracy of the breathalyzer. The district court affirmed the conviction.

Before this Court, defendant repeats his claim that the State's failure to properly file an information violated the due process guarantee of article I, section 12 of the Utah Constitution, that "in criminal prosecutions the defendant shall have the right ... to demand the nature and cause of the accusation against him, [and] to have a copy thereof...." His claim is not supported by the record.

■ The purpose of this constitutional guarantee is to assure that defendants are fully informed of the charges against them so that they may adequately defend themselves. To that end, the provision guarantees defendants the right to be informed of the charges and to obtain a copy of the information detailing the charges. In the present case, a copy of the information was not provided to defendant or to his lawyer, and the charges were not read in open court. However, there is no indication in the record that defendant or his lawyer invoked article I, section 12, by requesting a copy of the information or asking that it be read. The reason for this failure to invoke the constitutional protection is apparent. Defendant had adequate notice of the charges against him. At the time of his arrest, he was served with a citation containing exactly the same charge as that alleged in the information. And contrary to his assertions here, not only was defendant's counsel fully aware that an information had been filed, but he also was familiar with its contents. Under these circumstances, where defendant had full knowledge of the charges and failed to invoke the constitutional provision by making a demand upon the prosecution, we find no denial of defendant's rights under article I, section 12.

■ Defendant also repeats his claim that the admission of the affidavit to establish the reliability of the breathalyzer denied him his right to confront witnesses, a violation of both the sixth amendment of the United States Constitution and article I, section 12 of the Utah Constitution. This argument also fails. The use of such an affidavit is sanctioned by statute. U.C.A., 1953, § 41-6-44.3 (1981 ed.). In *Murray City v. Hall*, Utah, 663 P.2d 1314 (1983), we explicitly held that if such affidavits comply with the statute, they are admissible as an exception to the hearsay rule. *Id.* at 1321. We further held that the statute, when properly complied with, does not violate a defendant's right of confrontation. *Id.* at 1322.

■ Finally, defendant's failure to comply with Rule 75(p)(2)(2)(d) of the Utah Rules of Civil Procedure, requiring that an appellant refer to the record to support his factual allegations, provides us with another basis for affirming the trial court's judgment. *See State v. Tucker*, Utah, 657 P.2d 755, 756-57 (1982).

HALL, C.J., and STEWART, HOWE and DURHAM, JJ., concur.