**LAYTON CITY, Plaintiff and Respondent,**

v.

**James BENNETT, Defendant and Appellant.**

No. 870038–CA.

Court of Appeals of Utah.

July 31, 1987.

Steven Garside, Layton City Prosecutor, Layton, for plaintiff and respondent.

Scott R. Wangsgard, Conder & Wangsgard, West Valley City, for defendant and appellant.

Before BENCH, BILLINGS and DAVIDSON, JJ.

## MEMORANDUM DECISION

PER CURIAM:

Defendant James A. Bennett appeals his conviction in circuit court for driving while under the influence of alcohol. On appeal,

defendant argues that (1) the arresting officer violated defendant's fourth amendment rights by "interrogating" him without any "reasonable suspicion;" (2) the trial court should have dismissed two potential jurors for cause; and (3) the trial court improperly admitted "intoxilyzer maintenance affidavits." We reject these claims and affirm defendant's conviction.

■ A complete statement of facts is unnecessary. Briefly stated, a police officer observed defendant driving his truck into a construction site at 1:00 a.m. and followed in behind him. Defendant parked his truck at the site and exited his vehicle without any request to do so by the officer. Defendant walked up to the police car as the officer was getting out and freely initiated a conversation. This initial encounter was a consensual and voluntary discussion between the defendant and the officer. It was not a seizure subject to fourth amendment protection. Defendant's constitutional right to be free from unreasonable searches and seizures was therefore not violated at this stage. *Florida v. Rodriguez*, 469 U.S. 1, 105 S.Ct. 308, 83 L.Ed.2d 165 (1986); *Florida v. Royer*, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983); *State v. Dietman*, 739 P.2d 616 (Utah 1987). *See also, State v. Trujillo*, 739 P.2d 85 (App.1987). There was also no violation of Utah Code Ann. § 77–7–15 (1982).

■ It was not until after the defendant's voluntary approach that the officer observed him and detected a strong odor of alcohol. Defendant was then detained on suspicion of driving while intoxicated and was requested to submit to field sobriety tests. The officer had the necessary "reasonable suspicion" to detain defendant at this point.

■ Second, defendant argues that two potential jurors should have been excused from the panel venire for cause. He erroneously focuses attention only upon selective statements in the jury voir dire, ignoring substantial assurances to the trial court that, as jurors, the individuals would be fair, impartial and objective to both sides and follow the court's instructions. De-

fendant criticizes the first proposed juror's association with MADD (Mothers Against Drunk Drivers) and the other's position as a reserve police officer in an adjoining city. In specific, detailed questioning by the court, each assured the trial judge that their respective associations would be no impediment to proper fulfillment of a juror's duty. After our review of the entire record, we find no abuse of the trial court's discretion in refusing to excuse either juror for cause. *State v. Hewitt*, 689 P.2d 22 (Utah 1984); *State v. Lacey*, 665 P.2d 1311 (Utah 1983); *State v. Van Dam*, 554 P.2d 1324 (Utah 1976). Defendant did not demonstrate on the trial record, or on appeal, that either could not act in a fair and impartial manner, *State v. Brooks*, 631 P.2d 878, 884 (Utah 1981), or that "strong and deep impressions" against the defendant's case had formed. *State v. Hewitt*, at *26*.

Defendant maintains that the intoxilyzer testing affidavits (Exhibits A, B, and C) were inadmissible hearsay. He claims that Utah Code Ann. § 41–6–44.3 (1986) is inconsistent with and was impliedly repealed by the Utah Rules of Evidence. He then argues that the affidavits would not be admissible under any exception to the hearsay rule, Utah R.Evid. 802.

■ We reject the argument that the adoption of the evidence rules on admissible hearsay automatically repealed other statutory hearsay exceptions. Utah R.Evid. 802, provides that: "hearsay is not admissible *except as provided by law or* by these rules" (emphasis added). Utah Code Ann. § 41–6–44.3 was enacted as a statutory exception to the hearsay rule and its validity was affirmed in *Murray v. Hall*, 663 P.2d 1314 (Utah 1983). Rule 802 clearly contemplates that other statutory provisions may similarly apply as valid exceptions to otherwise inadmissible hearsay. *See e.g., State v. Nelson*, 725 P.2d 1353 (Utah 1986) and *State v. Fulton*, 742 P.2d 1208 (1987).

■ Moreover, pursuant to its constitutional power in article VIII, § 4, of the Utah Constitution, in September 1985, the

Supreme Court formally adopted all statutory rules of evidence not inconsistent with the Court's rules. The creation of an additional exception to the hearsay rule by § 41–6–44.3 is supplemental to and not inconsistent with Rule 802. *Cf. State v. Barneycastle*, 699 P.2d 745, 746 (Utah 1985).

Finally, defendant challenges the sufficiency of the intoxilyzer testing affidavits, asserting they are not sufficiently detailed to satisfy the requirements of *Murray City v. Hall*, 663 P.2d at 1321–2. In *Hall*, the Utah Supreme Court held that only affidavits contemporaneously prepared in the normal course of duty, with indications of trustworthiness, are admissible under Utah Code Ann. § 41–6–44.3 (1986). In this case the facts stated are based upon the affiant's personal knowledge and observation as the person who conducted the machine testing procedures, and not upon someone else's hearsay information as in *Hall. Id.* at 1320, n. 5. The affidavits contain sufficient foundation to be admissible.

The remainder of the alleged flaws in the affidavits relate only to the weight given them by the trier of fact—not to their admissibility. The affidavits create only a rebuttable presumption that the testing was properly performed. As stated in *Hall*, if the defendant desired to impeach the accuracy or the completeness of the testing procedures or the affidavits, he could have subpoenaed the officer responsible for the testing or secured other demonstrative evidence. *Id.* at 1321–2. But, as in *Hall*, defendant did not do so.

Defendant's conviction is affirmed.

BENCH, BILLINGS and DAVIDSON, JJ., concur.