**Rod N. TRIPLETT, Plaintiff and Appellant,**

v.

**Fred C. SCHWENDIMAN, Chief, Driver License Services, Department of Public Safety, State of Utah, Defendant and Respondent.**

**No. 870043–CA.**

Court of Appeals of Utah.

May 10, 1988.

Joseph C. Fratto, Jr. (argued), Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Bruce M. Hale (argued), Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

Before BILLINGS, DAVIDSON and GARFF, JJ.

OPINION

GARFF, Judge:

Appellant Triplett, appeals from a district court order affirming the Department of Public Safety's (Department) decision revoking his driver's license for ninety days.

On January 19, 1985, appellant was arrested for driving under the influence of alcohol. He consented to an intoxilyzer test, which indicated a blood alcohol content of .19 percent.

Appellant subsequently requested an administrative hearing. At the hearing, the arresting officer gave sworn testimony regarding the contents of the DUI report form and his grounds for believing that appellant was driving under the influence. This officer was certified to give breath tests with the intoxilyzer, had used the mandatory checklist in administering the test, and had no problems with the machine during the test. The State introduced a notarized intoxilyzer affidavit into evidence showing that on January 15, 1985, four days prior to appellant's arrest, two qualified technicians had tested the intoxilyzer machine and had found it to be functioning properly. The affidavit indicated that they had performed the test according to Department regulations, which, in pertinent part, require certification of breath testing instruments at least every forty days. *See* Utah Code Ann. § 41–6–44.3 (1983); Breath Testing Regulations, revised November 4, 1983, Archives File # 6734. No evidence was presented indicating that the machine had been tested either simultaneously with or subsequent to the administration of appellant's test.

The only issue raised by appellant is whether there was sufficient evidence to admit the intoxilyzer test results when the machine had been working properly four days prior to his breath test, but no evidence had been presented showing that the machine had been calibrated and tested both immediately before and immediately after his breath test, a procedure known as "bookending."

In *Murray City v. Hall*, 663 P.2d 1314, 1320–22 (Utah 1983), the Utah Supreme Court stated that:

Section 41–6–44.3 is merely a codification of the findings necessary to establish a proper foundation for the introduction of breathalyzer evidence.

. . . .

We hold that, so long as there is compliance with the mandates of the statute, namely, contemporaneous preparation in accordance with established standards, in the regular course of the officer's duties, and indications of trustworthiness, the affidavits regarding the maintenance of a breathalyzer machine are admissible under § 41–6–44.3 as a valid statutory exception to the hearsay rule. As such, those affidavits establish a rebuttable presumption that the breathalyzer machine was functioning properly.

. . . .

If the appellant wished to challenge the accuracy of the breathalyzer in this case, he could have subpoenaed or taken the deposition of the person who calibrated the breathalyzer and tested the ampoules in question. The appellant apparently chose not to do so.

*Id. See also Layton City v. Watson*, 733 P.2d 499, 500 (Utah 1987).

In the present case, pursuant to *Murray City*, the State created a rebuttable presumption that the breath testing machine was accurate by introducing the calibration affidavit into evidence.[1] Appellant failed to present any evidence showing that the machine was not functioning properly.

■ Appellant's argument for "bookending" implies that breath testing machines are completely unreliable. However, the Utah Supreme Court has previously noted that "there is 'universal acceptance of the reliability of [breathalyzer] evidence.'" *Layton City*, 733 P.2d at 500 (quoting *Murray City*, 663 P.2d at 1320).[2] Further,

---

1. In *State v. Palomino*, 37 Or.App. 309, 587 P.2d 107 (1978), the Oregon Court of Appeals refused to require post-test breathalyzer calibration where the legislature required that machines be tested every sixty days, reasoning that such testing requirements allowed blood-alcohol tests to be made on the machine during this interval without further certification. "Once the state has laid the basic foundation for admissibility,

the accuracy of the machine at the time of the test becomes an issue of fact...." *Id.* at 109.

2. As further indicia of the intoxilyzer's reliability, the manufacturer's operating manual states that the machine is tamper-proof and any error performed in administering a test activates a red warning light on the machine. *Electronic*

if the standards set by the commissioner of public safety are satisfied, as they have been in the present case, "the results of a breath test are presumed to be valid." *Id.*

We hold that not only is "bookending" redundant and expensive, but under the procedures mandated by the legislature and carried out by the Department, it is unnecessary. We find that the State laid an adequate foundation regarding the accurate functioning of the machine and that appellant's breath test results were admissible into evidence.

Consequently, there was a residuum of competent evidence justifying the Department's determination that appellant was driving under the influence and the trial court's subsequent affirmation of that decision.[3] This evidence consisted of: (1) sworn testimony concerning the circumstances surrounding appellant's arrest; (2) the DUI report form; (3) the Utah Highway Patrol record of the intoxilyzer test and the affidavit showing that the machine was tested and working properly on January 15, 1985; and (4) appellant's intoxilyzer test record of January 19, 1985, showing a blood alcohol content of .19 percent. We, therefore, affirm the Department's decision to suspend appellant's driving privilege.

BILLINGS and DAVIDSON, JJ., concur.

---

*Alcohol–In–Breath Tester Intoxilyzer Operator's Manual,* CMI, Inc. pp. 3, 9 (1984).

3. The residuum rule applies to *per se* license suspension hearings. *Kehl v. Schwendiman,* 735 P.2d 413, 415 (Utah Ct.App.1987).