ROOSEVELT CITY, Plaintiff
and Appellee,

v.

Ronald J. NEBEKER, Defendant
and Appellant.

No. 900292–CA.

Court of Appeals of Utah.

July 19, 1991.

Robert M. McRae (argued), McRae & De-Land, Vernal, for defendant and appellant.

Craig Bunnell, Gayle F. McKeachnie (argued), Vernal, for plaintiff and appellee.

Before BENCH, P.J., and
GREENWOOD and ORME, JJ.

## OPINION

BENCH, Presiding Judge:

Defendant Ronald J. Nebeker appeals his conviction for violation of Utah Code Ann. § 41–6–44 (1988), Driving Under the Influence of Alcohol. We affirm.

■ At a bench trial, defendant objected to the admission into evidence of the City's intoxilyzer affidavit and custodian certificate prepared by the Utah Department of Public Safety. This evidence attested to the accuracy of the intoxilyzer machine used to test defendant's blood-alcohol content. Defendant objected on the ground that Utah Code Ann. § 41–6–44.3(3) [1] is in-

---

1. Utah Code Ann. § 41–6–44.3 provides:
STANDARD FOR CHEMICAL BREATH ANALYSIS—EVIDENCE:
(1) The Commissioner of the Department of Public Safety shall establish standards for the administration and interpretation of chemical analysis of a person's breath, including standards of training.
(2) In any action or proceeding in which it is material to prove that a person was operating or in actual physical control of a vehicle

while under the influence of alcohol or any drug or operating with blood or breath alcohol content statutorily prohibited, documents offered as memoranda or records of acts, conditions, or events to prove that the analysis was made and the instrument used was accurate, according to standards established in Subsection (1), are admissible if:
(a) the judge finds that they were made in the regular course of the investigation at or

valid because it creates an unconstitutional mandatory rebuttable presumption. The trial court ruled that section 41–6–44.3(3) is a statutory exception to the hearsay rule, that the statute creates a presumption concerning the admissibility of evidence, but does not shift the burden of proof on any essential element of the offense. The trial court therefore held that section 41–6–44.3(3) is constitutional and admitted the affidavit and the test results pursuant thereto. Defendant was found guilty as charged. On appeal, defendant challenges the constitutionality of section 41–6–44.3(3).[2]

## STANDARD OF REVIEW

■ Questions of statutory construction are questions of law that require no particular deference to the trial court's interpretation. *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033, 1038 (Utah 1989). When we are engaged in statutory construction, we are obligated "to construe statutes when possible to effectuate the legislative intent and to avoid potential constitutional conflicts." *State v. Casarez*, 656 P.2d 1005, 1008 (Utah 1982). "It is also a well established rule of statutory construction that statutes 'are endowed with a strong presumption of validity; and should not be declared unconstitutional if there is any reasonable basis upon which they can be found to come within the constitutional frame work [sic].'" *Murray City v. Hall*, 663 P.2d 1314, 1317 (Utah 1983) (quoting *Greaves v. State*, 528 P.2d 805, 807 (Utah 1974)). Where statutory language is unambiguous, we look to the plain language of the statute to determine

legislative intent. *Berube*, 771 P.2d at 1038.

## ANALYSIS

The United States Supreme Court has ruled that mandatory presumptions are unconstitutional because they shift the burden of persuasion to the accused. *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The presumption in *Sandstrom* concerned an essential element of the crime: intent to kill. Sandstrom asserted at trial that although he killed the victim, he did not do so "purposefully or knowingly," and therefore was not guilty of deliberate homicide. The trial court issued the following jury instruction: "The law presumes that a person intends the ordinary consequences of his voluntary acts." The Supreme Court reasoned that the jury instruction created a mandatory irrebuttable presumption that relieved the state of its burden of proving Sandstrom's intent because if the jury found that Sandstrom's actions were voluntary, the jury was required by the instruction to find that Sandstrom, as a matter of law, had the requisite intent. Inasmuch as the burden of persuasion must always remain on the state in a criminal proceeding, the shifting of the burden of persuasion to Sandstrom to prove his innocence was unconstitutional. *Id.* at 523–24, 99 S.Ct. at 2458–59. *See also Francis v. Franklin*, 471 U.S. 307, 317, 105 S.Ct. 1965, 1973, 85 L.Ed.2d 344 (1985) (prohibiting mandatory rebuttable presumptions).

■ By contrast, section 41–6–44.3(3) applies only to the admissibility of evidence. It does not shift the burden of proof of any

about the time of the act, condition, or event; and

(b) the source of information from which made and the method and circumstances of their preparation indicate their trustworthiness.

(3) If the judge finds that the standards established under Subsection (1) and the conditions of Subsection (2) have been met, there is a presumption that the test results are valid and further foundation for introduction of the evidence is unnecessary.

**2.** Defendant has raised the following additional issues: Is section 41–6–44.3(3) an unconstitu-

tional delegation of legislative power? Did the custodian's affidavit certify that the actions of the breathalyzer operator comply with the standards established by the Commission of Public Safety? Are the .08% Blood Alcohol Concentration Standard and the model # 4011 Intoxilyzer machine accurate and therefore valid indicators of a subject's blood alcohol concentration? The foregoing issues, however, were not properly raised at the trial court level, and therefore were not properly preserved for appeal. We therefore will not consider them. *State v. Webb*, 790 P.2d 65, 71 n. 2 (Utah 1990).

element of the crime. The Utah Supreme Court has held that section 41–6–44.3(3) is a statutory exception to the hearsay rule and is "merely a codification of the findings necessary to establish a proper foundation for the introduction of breathalyzer evidence. It is a legislative recognition of the universal acceptance of the reliability of such evidence." *Murray City v. Hall*, 663 P.2d 1314, 1320 (Utah 1983); *see also Triplett v. Schwendiman*, 754 P.2d 87 (Utah App.1988). In *Murray City v. Hall*, the supreme court upheld section 41–6–44.3(3) because of "(1) the legitimate governmental interest in not having to produce in every DUI case the public officer responsible for testing the accuracy of the breathalyzer and the ampoules, and (2) the alternative means available to an accused to cross-examine and confront such a witness." *Id.* at 1322.

Section 41–6–44.3(3) merely establishes the foundational requirements for admission of the breath test results. The state must still convince the trier-of-fact, beyond a reasonable doubt, that the defendant was in fact operating a motor vehicle while he had a blood-alcohol content of .08% or greater. The statute, by creating a statutory exception to the hearsay rule, compels the trial judge to admit the evidence for consideration by the trier-of-fact, but it does not mandate any conclusive presumption on the ultimate issue of guilt or innocence.

Defendant erroneously asserts that *Triplett* and *Hall* indicate that section 41–6–44.3(3) is unconstitutional because they refer to a "rebuttable presumption that the breathalyzer machine was functioning properly." *Triplett*, 754 P.2d at 88. Defendant, however, mistakenly assumes that the "presumption" acknowledged in *Triplett* and *Hall* is the same type of "pre-sumption" that was prohibited in *Sandstrom*. The presumption acknowledged in *Triplett* and *Hall* is limited to the admissibility of test results without calling into court the technicians who tested the machine in order to lay the foundation for admission of the results. In other words, it is the presumption of *reliability* that justifies a statutory exception to the hearsay rule. While there is a presumption of reliability that permits admission of the records and test results for consideration by the factfinder, there is no presumption that the test results are, in fact, accurate.

Despite the supreme court's ruling in *Murray City v. Hall*, defendant asserts that section 41–6–44.3(3) is an unconstitutional evidentiary device because it "undermine[s] the factfinder's responsibility at trial, based on the evidence adduced by the state, to find the ultimate facts beyond a reasonable doubt." *County Court of Ulster v. Allen*, 442 U.S. 140, 156, 99 S.Ct. 2213, 2224, 60 L.Ed.2d 777 (1979). Defendant relies on *State v. Chambers*, 709 P.2d 321 (Utah 1985), but his reliance is misplaced. In *Chambers*, the Utah Supreme Court held that a statutory evidentiary rule constituted an unconstitutional mandatory rebuttable presumption of guilt when it was incorporated into a jury instruction.[3] The supreme court nevertheless went on to uphold the constitutionality of the statute insofar as it is addressed to the trial court as a legal statement of what constitutes a prima facie case. As the supreme court indicated, despite its misuse in *Chambers*, the statute serves a valid, constitutional purpose. "The statute may properly be used to defeat a claim by a defendant that the State has, as a matter of law, failed to establish a prima facie case against the defendant." *Id.* at 327. As such, section 41–6–44.3(3) concerns a matter of law, not

---

**3.** At issue in *Chambers* was Utah Code Ann. § 76–6–402(1) (1990) which provides:

Possession of property recently stolen, when no satisfactory explanation of such possession is made, shall be deemed prima facie evidence that the person in possession stole the property.

The jury instruction at issue in *Chambers* stated:

Possession of property recently stolen, when no satisfactory explanation of such possession is made shall be deemed prima facie evidence that the person in possession stole the property.

*Chambers,* 709 P.2d at 324. The supreme court reasoned that a juror could interpret the use of the phrase "prima facie case" as requiring a presumption of guilt since "prima facie" was defined in part as follows: "*A fact presumed to be true unless disproved* by some evidence to the contrary." *Id.* at 326 (emphasis in original).

a question of fact. It therefore does not create an unconstitutional shifting of the burden of proof when it is not used to instruct the jury in a criminal case. *Id.* at 327. *See also State v. Pachecho,* 712 P.2d 192, 195–96 (Utah 1985).

## CONCLUSION

Section 41–6–44.3(3) may likewise be properly used to defeat a claim that the state has, as a matter of law, failed to lay an adequate foundation for the admission of the test results. Section 41–6–44.3(3) reads as follows: "If the judge finds that the standards under subsections (1) and (2) have been met there is a presumption that the tests are valid and further foundation for the introduction of the evidence is unnecessary." The language of section 41–6–44.3(3) is clearly addressed to the court and, when properly construed, is limited in its effect to the foundational requirement necessary for the admission of evidence. Therefore, as long as the statute is applied as an evidentiary standard by the trial court in its legal analysis, it is constitutional and does not create an unconstitutional mandatory rebuttable presumption.

This was a bench trial so there was no jury and no impermissible jury instructions were even possible. Defendant nevertheless asserts that since the trial court was the factfinder, section 41–6–44.3(3) served as a de facto jury instruction containing an impermissible mandatory presumption. We disagree. The Supreme Court recognized in *Sandstrom* that whether a jury instruction contains an unconstitutional presumption depends on how a reasonable juror could have interpreted the instruction. 442 U.S. at 514. By analogy, in order to determine whether an evidentiary rule undermines the factfinder's responsibility to find the ultimate facts when the trial court is the factfinder, we must interpret the statutory language as would a reasonable jurist. We conclude that given the clarity of section 41–6–44.3(3) a reasonable jurist would apply the statute as dictated, that is, as an evidentiary rule and nothing more. Absent a showing that a trial court sitting as the factfinder has, in fact, misapplied a statutory evidentiary

rule as a mandatory presumption of guilt, we will assume that the trial court has correctly interpreted the statute as a purely evidentiary rule. Defendant has made no showing to this court that the trial court misinterpreted section 41–6–44.3(3), so we reject his claim.

We follow *Murray City v. Hall* and hold that because section 41–6–44.3(3) only addresses the admissibility of evidence, it does not shift the burden of proof on an essential element of the crime, and is therefore constitutional. The fact that the trial court was the factfinder in this case does not alter this holding since it is presumed, absent proof otherwise, that the trial court, as a reasonable jurist, correctly interpreted and applied section 41–6–44.3(3). Defendant's conviction is therefore affirmed.

GREENWOOD and ORME, JJ., concur.